Fraser, Hiett, Wall & Effler, Toledo, for plaintiff in error.

T. T. Shaw, Defiance, for defendant in error.

## SLOSSER v LAGORIN

Ohio Appeals, .3rd Dist, Defiance Co

Decided Feb 8, 1933

KLINGER, J.

The plaintiff offered in the trial of the cause the testimony of Dr. John Fauster, of Defiance, the depositions of Dr. Vernon Dodd, of Columbus, and the testimony of defendant. The defendant contends that there is no evidence offered by these experts that would support any contention of negligence on the part of defendant. Plaintiff also offered the testimony of a number of nonexpert witnesses, whose testimony contradicts the testimony of the defendant, especially as to defendant's testimony concerning the length of time the plaster paris cast was on the arm and the time at which the plaster paris cast and splints were taken off the arm.

The jury had a right to believe these nonexpert witnesses when they testified as to the time they saw the arm with the plaster paris cast on, and with the splints on, notwithstanding the testimony of the doctor to the contrary. In the light of the great variance between the doctor's testimony as to how he was treating the arm, and the testimony of the plaintiff and a number of disinterested witnesses, the jury had a right to discredit at least a part of the defendant's testimony as to how he treated the plaintiff's injuries.

According to the doctor's own testimony at this trial, the jury had a right to infer that the treatment was not proper, if they believed the testimony of the plaintiff and these other witnesses who testified as to seeing the arm with the cast and splints on it long after the time the doctor said he had taken them off. They had a right to interpret the doctor's testimony as being his present opinion as to how the arm should have been treated, and they had a right to consider the testimony of these nonexpert witnesses, in connection with all the other testimony, as to whether or not the doctor did give the treatment that he stated in his testimony he had given, and it is the opinion of this court that expert testimony is not essential in a case of this kind to determine whether the physician or surgeon was guilty of malpractice. See **Francis v Brooks, 24 Oh Ap 136, (5 Abs 25), 156 NE 609.**

The facts that these nonexpert witnesses testified to are not such as require scientific knowledge. If the nonexpert witnesses were

testifying, as to facts requiring expert knowledge, the rules laid down in the cases referred to by plaintiff in error would be proper.

The next error complained of is that the court erred in its charge.

Among other things in the charge, the court read to the jury the second amended petition. This, in and of itself, is not error, the defendant will admit. However, defendant does claim that the court did not charge the jury on the negligence complained of in the second amended petition, limiting the recovery to such negligence as was the proximate cause of the injuries complained of. We agree with counsel for defendant that the court's charge is not as complete as it might be in this regard. However, no request was made of the trial court at the time to elaborate his charge or to charge on the specific propositions mentioned in defendant's brief. As far as given, the charge is free from prejudicial error. Therefore, where a party excepts to a charge free from error as given, but which charge fails to cover all the questions involved in the case, such failure is not a ground for reversal unless it was called to the attention of the court, and further instructions requested. **Columbus Ry. Co. v Ritter, 67 Oh St 53, 65 NE 613.**

Defendant also excepts to the charge on the question of contributory negligence. It is true the defendant charged the plaintiff with contributory negligence. However, nowhere in the record is there any evidence offered to support the charge, and defendant offered no evidence which would support an inference of contributory negligence.

The next ground for reversal is misconduct on the part of the attorneys for the plaintiff in the examination of the jurors on their voir dire. This question has been before the Supreme Court of Ohio in a matter quite similar to the case at bar, in the case of **Pavilonis v Valentine, 120 Oh St 154,** 165 NE 730. The Supreme Court, in the first syllabus, holds: "The purpose of the examination of a prospective juror upon his voir dire is to determine whether he has both the statutory qualification of a juror and is free from bias or prejudice for or against either litigant."

And in the third paragraph of the syllabus the court holds: "It is not error to permit the examination of a prospective juror on his voir dire as to his connection with, interest in, or relationship to, a casualty insurance company, where such a company is directly or indirectly interested in the result of the trial." We know of no better way than was exercised in this cause for ascertaining these facts.

Another objection taken was that the trial court erred in the admission and rejection of evidence, and especial attention is called to the testimony of Dr. John Fauster, but in the light of all the other testimony that was offered upon this issuable fact, we do not believe there was any error in the ruling of the trial court.

The next ground of error is that the judgment is manifestly against the weight of the evidence. In the opinion of this court, after a careful reading of the entire record, there was an abundance of evidence, if the jury believed the testimony of the witnesses giving the testimony to sustain the verdict, under the instructions of the court.

For these reasons the judgment of the Court of Common Pleas will be affirmed.

CROW and KINDER, JJ, concur.